**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL SALINAS RODRIGUEZ,

     Petitioner,

v.

                              Case No. 2:26-cv-02400-MIS-LF

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA; ACTING
DIRECTOR, U.S. Immigration and Customs
Enforcement; ATTORNEY GENERAL OF
THE UNITED STATES; and
MARKWAYNE MULLIN,

     Respondents.

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Daniel Salinas Rodriguez's <u>pro se</u> Petition

Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 24, 2026.

The federal Respondents filed a Response on August 5, 2026 ("Response").[1]  ECF No. 7.  Upon

review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the

Petition.

**I.      Relevant background**

Petitioner is a citizen of Cuba who entered the United States from Mexico on December 7,

2021.  <u>See</u> ECF No. 1-1 at 3, 8, 29.  He was detained, placed in removal proceedings, and released

on an Order of Release on Recognizance.  <u>Id.</u> at 28-29.  He later filed an application for asylum

and consistently complied with immigration authorities.  <u>Id.</u> at 3.

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

On November 17, 2025, an Immigration Judge found Petitioner to be inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), denied Petitioner's application for asylum, withholding of removal under the INA, withholding of removal under the Convention Against Torture ("CAT"), and deferral of removal under CAT, and ordered Petitioner removed to Cuba ("Removal Order").  Id. at 49, 51.  According to the Executive Office of Immigration Review's website, Petitioner's appeal of the Removal Order remains pending with the Board of Immigration Appeals ("BIA").

On May 7, 2026, U.S. Immigration and Customs ("ICE") officers arrested Petitioner when he appeared for a regularly-scheduled immigration appointment.  Id. at 3.  He has been in immigration detention ever since, and is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Id.

On June 12, 2026, Petitioner received a custody redetermination hearing before an Immigration Judge.  See Order of the Immigration Judge, June 12, 2026, ECF No. 7-5.  The Immigration Judge denied bond on the following grounds: "Flight risk – respondent ordered removed in November of 2025."  Id. at 1.

On July 24, 2026, Petitioner filed the instant Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus.  ECF No. 1.  On July 27, 2026, the Court issued an Order to Answer and Enjoining Transfer directing Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709, (10th Cir. June 30, 2026), requires relief."  ECF No. 5.  On August 5, 2026, Respondents filed a Response.  ECF No. 7.

2

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that his continued detention violates the Fifth Amendment's Due Process clause because he has "not been afforded a meaningful opportunity to obtain an individualized custody determination before a neutral decision-maker regarding the necessity of [his] continued detention." Pet. at 3.  He argues that although he received a custody hearing on June 12, 2026, "the decision denying [his] release did not meaningfully evaluate [his] individual circumstances." Id. at 5.  He seeks immediate release.  Id. at 10.

Respondents argue that the Court lacks jurisdiction over the Immigration Judge's bond decision, and that Petitioner's due process claim fails on the merits because he "has no constitutional right to be released during the pendency of his immigration proceedings."  Resp. at 2-4.  Respondents do not address whether the holding in Santillan Quiroz requires relief, even

though the Court specifically asked them to.  ECF No. 5.  Nor do they address Petitioner's argument that his bond hearing was inadequate.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237.  Here, Petitioner was detained within the interior of the United States and is therefore subject to Section 1226(a).  See id.  He received a bond hearing but argues that it was not adequate because the Immigration Judge did not meaningfully evaluate his individual circumstances.  Pet. at 5.  The Court agrees.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Although the onus is on the noncitizen to show they are not a flight risk or danger to the community at a custody redetermination hearing, In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006), an Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate," id.

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.  There is no indication that the Immigration Judge considered these or any factors specific to this individual Petitioner when denying Petitioner bond.[2]  See ECF No. 7-5 at 1.

Instead, the Immigration Judge labeled Petitioner a "flight risk" based solely on the fact that he is subject to a removal order.  See id.  This explanation assumes that all noncitizens subject to a removal order are per se flight risks.  This cannot be the law.  If all noncitizens subject to a removal order were per se flight risks, they would never be entitled to bond, and providing them a bond hearing would be meaningless.

To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen.  See Dong v. Mullin, Case No. 1:26-cv-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026).  Because Petitioner did not receive an individualized bond determination based on his actual circumstances, his bond hearing was constitutionally inadequate.  See id.  As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation, individualized bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk,[3] based on his specific circumstances, consistent with this Order. Finally, the Court retains jurisdiction to ensure compliance with its Order.

---

[2]     In fact, based on the record before this Court, it appears that many of these factors weigh in favor of granting Petitioner release on bond.

[3]     See Nunez Lopez v. Noem, Civ. No. 26cv641 JB/JFR, 2026 WL 2124044, at *6-9 (D.N.M. July 23, 2026).

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Daniel Salinas Rodriguez from custody/detention;

3.    Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4.    Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk, based on his specific circumstances, consistent with this Order; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

6